IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY G. TINKER,

    Petitioner,

vs.

UNITED STATES OF AMERICA,

    Respondant.                                               No. 16-cv-654-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I.  INTRODUCTION

This matter is before the Court on petitioner Larry G. Tinker's motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1) and Assistant Federal Public Defender Todd M. Schultz's motion to Withdraw (Doc. 6). The Government filed a response (Doc. 10) to the motion to withdraw concurring in the assessment that the petitioner is not entitled to any relief. Petitioner was allowed until September 12, 2016 to respond. To date, the petitioner has not responded.

Based on the record and the following, the Court **GRANTS** the motion to withdraw and **DENIES** petitioner's § 2255 motion.

### BACKGROUND

The defendant pleaded guilty to one count of Conspiracy to Distribute and Possess With Intent to Distribute a Mixture and Substance Containing

Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (3:07-cr-30180-2 Doc. 74). On June 26, 2009, the Court sentenced defendant to a term of 262 months' imprisonment followed by ten years of supervised release upon release from imprisonment and Judgment was entered (3:07-cr-30180-2 Doc. 79).

When the defendant was sentenced, he was determined to be a career offender. The defendant's career offender status was based on the defendant having two or more prior felony convictions involving a controlled substance (3:07-cr-30180-2 Doc. ¶ 41). According to his presentence report, petitioner had the following three predicate offense convictions under U.S.S.G. § 4B1.2(b):

- On September 28, 1990, Petitioner was convicted of unlawful possession with intent to deliver a controlled substance in Fayette County, Illinois, Case 89-CF-35. (Doc. 76 ¶ 52, criminal case).

- On September 14, 1990, Petitioner was convicted of possession with intent to distribute methamphetamine in U.S. District Court for the Central District of Illinois, Case 09-10009. (3:07-cr-30180-2 Doc. 76 ¶ 53,).

- On January 25, 1999, Petitioner was convicted of unlawful possession with intent to deliver a controlled substance in Fayette County, Illinois, Case 98-CF-80. (3:07-cr-30180-2 Doc. 76 ¶ 54).

On June 16, 2016, petitioner, proceeding *pro se*, filed the above petition to vacate, set aside or correct sentence under 28 U.S.C. § 2255 (Doc. 1). Petitioner's claims are based upon the U.S. Supreme Court's decision in *Johnson v. U.S.*, 135 S.Ct. 2551 (2015). Pursuant to this Court's Administrative Order 176, Assistant

Federal Public Defender Todd M. Shultz entered his appearance on behalf of petitioner (Doc. 5). Thereafter, AFPD Shultz filed a motion to withdraw as attorney (Doc. 6). AFPD Shultz states petitioner does not have a valid *Johnson* claim because his predicate offenses are not violent offenses that implicate the ACCA's residual clause or the career offender guideline's residual clause. The United States agrees that the petitioner does not have a valid claim under *Johnson*. The United States first argues that *Johnson* is not retroactively applicable on collateral review where, as in this case, the Sentencing Guidelines were advisory at the time sentence was imposed. If, however, *Johnson* is retroactively applicable under these circumstances, the United States maintains that petitioner does not have a valid *Johnson* claim because his predicate offenses do not implicate the ACCA's residual clause or the career offender guideline's residual clause.

**DISCUSSION**

*Johnson v. United States*

In *Johnson v. United States,* 135 S. Ct. 2551 (2015), the Supreme Court addressed the constitutionality of a certain portion of the Armed Career Criminal Act ("the ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony.' " *Id*. at 2555. The statute defines a violent felony as follows: "any crime punishable by imprisonment for a term exceeding one year … that – (i) has as an element the use, attempted use, or

threatened use of physical force against the person of another [commonly called the "force" clause]; or (ii) is burglary, arson, or extortion, involves use of explosives [commonly called the "enumerated offenses"], or *otherwise involves conduct that presents a serious potential risk of physical injury to another* [commonly called the "residual" clause]." 18 U.S.C. § 924(e)(2)(B) (emphasis added). As noted, the portion of § 924(e)(2)(B)(ii) italicized by the Court is known as the residual clause. In *Johnson,* the Supreme Court held imposition of an enhanced sentence under the residual clause of the ACCA violates due process because the vagueness of the clause "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 135 S. Ct. at 2557. The Supreme Court in *Johnson* did not strike any other provision of the ACCA. *Johnson*, 135 S. Ct. at 2563.

Although *Johnson* involved the residual clause of the ACCA, it *may* also have implications for defendants who received a sentencing adjustment based on a cross reference in U.S.S.G. § 2K2.1 to the residual clause in the career-offender guideline, U.S.S.G. § 4B1.2(a). This is because the career-offender guideline contains an identically worded residual clause, U.S.S.G. § 4B1.2(a)(2). Whether the holding of *Johnson* applies to the career-offender guideline is an issue that is currently pending before the Seventh Circuit. *See United States v. Rollins*, 13-1731 (7th Cir. argued Dec. 2, 2015); *United States v. Hurlburt*, 14-3611 (7th Cir. argued Dec. 2, 2015); *United States v. Gillespie*, 15-1686 (7th Cir. argued Dec. 2, 2015).

In summary, *Johnson* held that the imposition of an enhanced sentence under the residual clause of the ACCA is an unconstitutional violation of due process. But, *Johnson* did not invalidate the imposition of an enhanced sentence under other provisions of the ACCA. The Supreme Court's decision in *Johnson* may also invalidate sentencing adjustments under the residual clause of the career-offender guideline. However, whether *Johnson* applies to the career-offender guideline remains an open question.

**Application**

Petitioner did not receive a sentencing enhancement under the residual clause of the ACCA in relation to prior convictions for a violent felony. Accordingly, the holding in *Johnson* is not directly applicable.

Additionally, petitioner did not receive a sentencing enhancement under the similarly worded residual clause in the career-offender guideline (U.S.S.G. § 4B1.2(a)(2), which *may* be invalid under *Johnson*). Rather, petitioner's predicate drug trafficking felony convictions are "controlled substance offenses" pursuant to U.S.S.G. § 4B1.2(b) that do not implicate the residual clause in any way. Accordingly, even assuming the Seventh Circuit ultimately concludes that *Johnson* is retroactively applicable to the residual clause of the career-offender guidelines, such a decision would have no impact on the petitioner's sentenct.

A majority of the government's briefing is devoted to arguing that *Johnson* is not retroactively applicable to the career-offender guidelines. As discussed, this

question is presently being considered by the Seventh Circuit Court of Appeals.[1] The Court declines the government's invitation to resolve this matter ahead of the Seventh Circuit. Moreover, for the reasons discussed above, it is not necessary for the Court to resolve this issue at this time.

## CERTIFICATE OF APPEALABILITY

Having denied petitioner's motion, the Court must grant or deny a certificate of appealability. See Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts; 28 U.S.C. § 2253(c). Section 2253(c)(2) provides that a certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. Petitioner has made no such showing. Therefore, the Court denies a certificate of appealability. Pursuant to Rule 11(a), petitioner may not appeal the denial of a certificate of appealability, but he may seek a certificate from the Court of Appeals for the Seventh Circuit.

## CONCLUSION

For the reasons discussed herein, the Court **GRANTS** the motion to withdraw (Doc. 6) and **DENIES** petitioner's § 2255 motion (Doc. 1). This matter is **DISMISSED** with prejudice and the Court **DIRECTS** the Clerk of Court to enter

---

[1] In *United States v. Tichenor,* the Seventh Circuit stated "we have categorically held that 'the Guidelines are not susceptible to attack under the [constitutional] vagueness doctrine.'" 683 F.3d 358, 363-64 (7th Cir. 2012)(quoting United States v. Brierton, 165 F.3d 1133, 1139 (7th Cir. 1999)). However, the Department of Justice has now taken the position that *Tichenor* was wrongly decided and that its reasoning is inconsistent with the Supreme Court's later decisions in *Peugh v. United States*, 133 S. Ct. 2072 (2013), holding that the Guidelines were subject to the Ex Post-Facto Clause, and *Johnson* itself. Indeed, as noted in the government's briefing, upon instructions from the Department of Justice, the government has asserted this very position before the Seventh Circuit in cases currently pending on direct appeal. Nonetheless, the government takes the opposite position here and devotes nearly 30 pages to arguing that *Johnson* is not retroactively applicable to advisory Guidelines cases on collateral review. For the reasons discussed above, in the instant case, the Court need not go down this road.

judgment accordingly. Further, the Court **DENIES** a certificate of appealability. **FURTHER,** the Court **DIRECTS** the Clerk of Court to send a copy of this order to defendant.

    **IT IS SO ORDERED.**

    Signed this 4th day of October, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.10.04 14:55:54 -05'00'

**United States District Judge**